IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WORCESTER DIVISION

| | |
|---|---|
| JAMES E. MCDUFFIE,<br><br>    Plaintiff,<br><br> v.<br><br>ABBVIE US, LLC, ABBVIE, INC. and<br>SOLVAY PHARMACEUTICALS, INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 4:13-cv-40083<br>)<br>)<br>)<br>) |

**NOTICE OF REMOVAL OF ACTION**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

  Please take note that all Defendants, by and through their undersigned counsel, pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove this action from the Superior Court Department, Worcester Division in the Commonwealth of Massachusetts to this Court. In support of removal, Defendants submit this notice and state as follows:

  1. This action is properly removable to this Court under 28 U.S.C. § 1441. This Court has original subject matter jurisdiction over Count 5 of this action pursuant to 28 U.S.C. § 1331, because the Plaintiff has filed a claim arising under the Constitution, laws, or treaties of the United States. More specifically, Plaintiff claims a violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. This Court has supplemental jurisdiction over Counts 1 through 4 of this action pursuant to 28 U.S.C. § 1367 where the claims in Count 1 through 4 are so related to the claims in Count 5 that they form part of the same case or controversy under Article III of the United States Constitution.

2. This action is also properly removable to this Court under 28 U.S.C. § 1441 because this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, inasmuch as the requirements for diversity of citizenship and the jurisdictional amount in controversy are satisfied.

3. Specifically, removal is appropriate under 28 U.S.C. §§ 1332 and 1441(b) in that it is a civil action between citizens of different states. No Defendant is a citizen of the Commonwealth of Massachusetts and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. The matter in controversy is between citizens of different states. Defendant AbbVie U.S., LLC is a Delaware limited liability company with its principal place of business in Illinois. (Affidavit of Pearson Bownas ("Bownas Aff."), ¶ 5).[1] AbbVie U.S., LLC's sole member is Defendant AbbVie Inc. (Bownas Aff., ¶ 5). Defendant AbbVie Inc. is a Delaware corporation with its principal place of business in Illinois. (Bownas Aff., ¶ 4). Defendant Solvay Pharmaceuticals, Inc. is now known as AbbVie Products LLC, which is a Georgia limited liability company with its principal place of business in Illinois. (Bownas Aff., ¶ 3). AbbVie Products LLC's sole member is Defendant AbbVie Inc. (Bownas Aff., ¶ 4). Thus, for purposes of citizenship, AbbVie U.S., LLC, AbbVie, Inc. and Solvay Pharmaceuticals are not citizens of Massachusetts. Plaintiff is a citizen of Massachusetts. (Compl., ¶ 2). Accordingly, there is complete diversity of citizenship as between Plaintiff and Defendants.

---

[1] The Bownas Aff. is attached hereto as **Exhibit A**.

5. Although the Complaint does not contain an express *ad damnum* clause, Plaintiff filed a Civil Action Cover Sheet indicating that he was seeking $725,000 in damages. As such, it is clear that the jurisdictional amount provided for in 28 U.S.C. § 1332 is met. Defendants have attached hereto as **Exhibit B** a true and correct copy of the Civil Action Cover Sheet filed in state court.

6. Accordingly, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), because the requirements for diversity of citizenship and the jurisdictional amount in controversy are satisfied.

7. This action was originally filed in the Superior Court Department, Worcester Division in the Commonwealth of Massachusetts, on June 13, 2013. Service of Plaintiff's complaint was effective on June 18, 2013. This Notice of Removal of Action is therefore filed within the 30-day period prescribed by 28 U.S.C. § 1446(b). See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999). In accordance with 28 U.S.C. § 1446(a), Defendants have attached hereto as **Exhibit C** true and correct copies of all process, pleadings, and orders served upon it as of the date of this Notice of Removal of Action.

8. As required by 28 U.S.C. § 1446(d), Defendants will promptly file with Superior Court Department, Worcester Division in the Commonwealth of Massachusetts, and serve upon Plaintiff's counsel, a true and correct copy of this Notice of Removal of Action.

9. Venue is proper in this district and division pursuant to 28 U.S.C. § 1441(a) because this district and division embrace the Superior Court Department, Worcester Division in the Commonwealth of Massachusetts.

10. For all of these reasons, Defendants respectfully remove this action to this Court from the Superior Court Department, Worcester Division in the Commonwealth of Massachusetts.

Dated: July 8, 2013

Respectfully submitted,

DEFENDANTS ABBVIE U.S., LLC, ABBVIE, INC., and SOLVAY PHARMACEUTICALS, INC.,

By their attorneys,

/s/ Jonathan E. Small
Jonathan E. Small (BBO #672480)
GOULSTON & STORRS, P.C.
400 Atlantic Avenue
Boston, Massachusetts 02110
Phone: (617) 574-3577
Facsimile: (617) 574-7744
jsmall@goulstonstorrs.com

Jon E. Klinghoffer
GOLDBERG KOHN LTD.
55 East Monroe Street, Suite 3300
Chicago, Illinois 60603
Telephone: (312) 201-4000
Facsimile: (312) 863-7472
jon.klinghoffer@goldbergkohn.com
(pro hac vice motion to be filed)

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Notice of Removal will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent by United States First Class Mail, postage prepaid, to those indicated as non-registered participants as set forth below on this 8th day of July 2013.

By First Class Mail:

WALTER H. JACOBS
ALEXANDRIA A. JACOBS
W. JACOBS AND ASSOCIATES AT LAW, L.L.C.
795 TURNPIKE ROAD
NORTH ANDOVER, MA 01845


/s/ Jonathan E. Small